Morris Sherman
vs. } Law No.3472
The Alliance Ins. Co. of
Philadelphia.

October 7, 1925

BLODGETT, J. Heard upon demurrer of defendant.

The declaration sets forth:

1. The standard form of fire insurance policy and that plaintiff has complied therewith;

2. That appraisers and umpire were chosen and an award made by two but not assented to by the appraiser chosen by plaintiff;

3. That the appraiser chosen by defendant was not a disinterested person and the umpire chosen by the two appraisers was not a disinterested person, and that this was known to defendant previous to the award;

4. That the award was unfair and partial;

5. That the umpire and appraiser chosen by defendant were guilty of fraud in that after making an award they offered to increase the amount of same under the condition that the appraiser chosen by plaintff would sign the increased award.

The questions involved, save as to the allegations contained in paragraph seven of the declaration, have been passed upon by our Supreme Court.

See Thomas H. Early vs. the Providence and Washington Insurance Co., 31 R. I. 225.

The allegations in paragraph seven of the declaration aver that the appraiser chosen by defendant and the umpire offered an increased award provided appraiser chosen by plaintiff would make the award unanimous, but there is no allegation of a refusal on the part of plaintiff's appraiser to sign such an award, nor that such an award ever existed. At most the effect of such an offer would be in the nature of a compromise that was not assented to by plaintiff, provided such an offer had been made, and the Court fails to see that such an offer could be termed fraudulent.

Demurrer sustained.

Mortimer A. Sullivan for plaintiff.

Sherwood, Heltzen and Clifford for defendant.